```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
_____
                                   )
PERRY OVERTON                      )
                                   )
        Plaintiff,                 )
                                   )
vs.                                )    No.2:08-CV-02796-BBD dkv
                                   )
THE UNIVERSITY OF TENNESSEE,       )
HERSHEL WALLS, Chancellor of       )
the University of Tennessee        )
Center for Health Sciences,        )
in his individual and official     )
capacity, JILL OSWAKS, Director    )
of Nurse Anesthesia Option, in     )
her individual and official        )
capacity, and DEWAYNE ACCARDO,     )
Assistant Director of Nurse        )
Anesthesia Option, in his          )
Individual and official capacity,  )
                                   )
        Defendant.                 )
_____

        REPORT & RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS
                               AND
           ORDER GRANTING DEFENDANT'S MOTION TO COMPEL
_____
```

Before the court is the January 25, 2010 motion of the defendants, Hershel P. Wall, Jill Oswaks, and Dwayne Accardo ("Defendants"), pursuant to Rule 37(b)(2)(A)(v) and Rule 42(b) of the Federal Rules of Civil Procedure, to dismiss with prejudice the lawsuit filed by the plaintiff, Perry Overton ("Overton"), for failure to answer discovery requests. In the alternative, Defendants, pursuant to Rule 37(a), seek to compel Overton to respond to Defendants' discovery requests including to produce his initial disclosures, to respond to Defendants' first set of interrogatories, and to appear for a deposition. Defendants also

seek sanctions, including expenses and fees, pursuant to Rule 37(b) for failing to obey the scheduling order and for bringing the motion to compel. This motion was referred to the undersigned Magistrate Judge for report and recommendation. Plaintiff has failed to respond to the motion and the time for responding has now expired. For the reasons that follow, it is recommended that Defendants' motion to dismiss be denied. Furthermore, the Defendants' motion to compel and request for reasonable expenses is granted.

## I. BACKGROUND

Pursuant to the Rule 16(b) Scheduling Order entered on April 9, 2009, the deadline for initial disclosures in this case was May 8, 2009. After the deadline had passed, Defendants sent two letters inquiring when Defendants would receive Overton's initial disclosures. Defendants received no response, nor have Defendants received Overton's initial disclosures.

In addition, Defendants have not received Overton's response to Defendants' interrogatories and requests for production, sent by Defendants on October 28, 2009. Pursuant to the Scheduling Order, Overton's responses to Defendants' discovery requests were due December 4, 2009.

Furthermore, Overton failed to attend his own deposition set for December 10, 2009. Defendants included a Notice of Deposition in the letter sent to Overton on October 28, 2009. The letter provided that counsel for Defendants would reset the deposition if

the December 10, 2009 date was inconvenient for Overton or his attorneys. Having received no response from Overton nor a protective order with respect to the deposition, counsel for Defendants along with Defendant Oswaks and Defendant Accardo appeared at the noticed time and place. A court reporter was also present. Neither Overton nor his attorneys appeared at the noticed time and place for the deposition on December 10, 2009.

Thereafter, Defendants sent an email dated January 5, 2010 and a letter dated January 6, 2010 to Overton's attorneys, Mr. Fields and Mr. Brittenum. In response, Mr. Brittenum sent a fax to Defendants stating he would call on Friday, January 8, 2010. During a phone conversation between counsel for Defendants and Mr. Brittenum on January 8, 2010, Mr. Brittenum stated that Mr. Fields was responsible for the case. Counsel for Defendants left a message for Mr. Fields on January 6, 2010. Mr. Fields later called, stating that he had been unable to reach Overton and apologized for not attending the deposition.

Other than the complaint, no additional pleadings have been filed by Overton nor has there been any action taken by Overton to prosecute his case. Defendants, on the other hand, have answered the complaint and pursued discovery from Overton.

## II. ANALYSIS

A.  <u>Motion to Dismiss</u>

If a party fails to to attend his own deposition or to serve answers to interrogatories or produce documents after proper

3

service of discovery requests, the court may order sanctions. FED. R. CIV. P. 37(d). Such sanctions include the imposition of any of the sanctions listed in Rule 37(b)(2)(A)(i)-(vi), among which is dismissal of the action in whole or in part. FED. R. CIV. P. 37(d). The Sixth Circuit regards the sanction of dismissal under Rule 37 for failure to cooperate in discovery to be "the sanction of last resort." *Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994). Dismissal may be imposed "only if the court concludes that a party's failure to cooperate is due to willfulness, bad faith, or fault." *Reg'l Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 153-54 (6th Cir. 1988). In determining whether to dismiss an action for failure to cooperate in discovery, the court should consider: (1) whether the party acted with willfulness, bad faith, or fault; (2) whether prejudice resulted from the discovery violation; (3) whether the party had been warned that his conduct could lead to extreme sanctions; and (4) whether less drastic sanctions were previously imposed or should be considered. *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997); *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995); *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990).

Overton has failed to cooperate in discovery on four (4) occasions: (1) failure to make initial disclosures; (2) failure to respond to interrogatories; (3) failure to respond to document production requests; and (4) failure to attend his own deposition. Overton has not sought any protective orders from the court that

may excuse his failure to respond. Moreover, Overton has failed to file any response to Defendants' motion to dismiss. In sum, Overton has failed to cooperate in discovery.

Nonetheless, Overton has not been warned by court order that non-cooperation with discovery could lead to dismissal, and furthermore, less drastic sanctions have yet to be imposed. Therefore, under the circumstances, dismissal of the complaint is not appropriate. Accordingly, it is recommended that Defendants' motion to dismiss be denied at this time.

B.   Motion to Compel

Pursuant to Local Rule 7.2(a)(2), responses to motions in civil cases are to be filed within fifteen days after service of the motion. Overton has not filed a response to this motion, and the time for responding has now expired. Rule 7.2(a)(2) further provides that "[f]ailure to respond timely to any motion . . . may be deemed good grounds for granting the motion."

In the absence of any response by Overton, Defendants' motion to compel is granted. Overton is directed to file his initial disclosures as required by Fed. R. Civ. P. 26(a)(1), to respond to defendant's first set of interrogatories and requests for production of documents within fourteen (14) days of the date of service of this order, and to appear for the taking of his deposition when noticed.

C.   Expenses & Fees

Defendants also request reasonable expenses including attorney fees under Rule 37.  Rule 37 provides that if a motion to compel is granted:

> the court shall . . . require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorneys fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's non-disclosure, response or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A).  The imposition of expenses against Overton, including attorney fees, is warranted to compensate Defendants for the expenses incurred in seeking responses to discovery, for the failure of Overton to appear for his deposition, and in bringing this motion.

Accordingly, Defendants' motion for reasonable expenses, including attorney fees, is granted.  Counsel for Defendants is directed to submit an affidavit within fourteen (14) days of the date of service of this order verifying the amount of expenses, including attorney fees, incurred by Defendants in seeking responses to the discovery, for the failure of Overton to appear for his deposition, and in bringing this motion.

## III. CONCLUSION

For the foregoing reasons, it is recommended that Defendants' Motion to Dismiss and/or to Compel and For Sanctions is denied in part and granted in part as follows. It is recommended that Defendants' request for dismissal of this action be denied without prejudice at this time. Defendants' motion to compel is granted. Defendants' request for attorneys fees and costs resulting from Overton's failure to comply with his discovery obligations is granted.

Overton is warned that, henceforth, failure to comply with proper discovery requests or orders of this court will lead to dismissal of his complaint with prejudice.

This 18th day of MARCH, 2010.

                                       s/Diane K. Vescovo
                                       DIANE K. VESCOVO
                                       UNITED STATES MAGISTRATE JUDGE